UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                    No. 01-4511

RAMON QUIERZ GOMEZ,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-99-135)

Submitted: August 29, 2002

Decided: September 25, 2002

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Gregory J. Ramage, LAW OFFICE OF GREGORY J. RAMAGE, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, J. Frank Bradsher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Ramon Quierz Gomez appeals his conviction and 188-month sentence following his guilty plea to participating in a conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 (2000). Gomez contends the district court's misstatement of the relevant statutory sentencing range at Gomez's plea colloquy pursuant to Fed. R. Crim. P. 11 and his attorney's ineffective assistance in acceding to a plea agreement that also misstated his potential sentence undermine his conviction. We disagree and affirm.

Gomez fails to demonstrate reversible error in his Rule 11 plea hearing. Because Gomez did not object to the adequacy of his plea hearing before the district court, we review only for plain error. *See United States v. Cannady*, 283 F.3d 641, 648 (4th Cir. 2002) (citing *United States v. Vonn*, 122 S. Ct. 1043, 1048-49 (2002)). The district court's instruction to Gomez that he could receive a sentence of ten years to life imprisonment, *see* 21 U.S.C. § 841(b)(1)(A), despite the fact that the quantities charged in his indictment only qualified Gomez for sentencing under § 841(b)(1)(B) (allowing sentences of five to forty years), is erroneous in light of the Supreme Court's subsequent decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Martinez*, 277 F.3d 517, 529 (4th Cir. 2002). Gomez bears the "burden of persuasion with respect to prejudice," however, *Martinez*, 277 F.3d at 532, and we are not persuaded that Gomez has demonstrated he would not have pled guilty but for this error. It is also significant that the 188-month sentence Gomez received is within the correct sentencing range. We therefore conclude the error did not affect his substantial rights, and even if it did, we would not recognize the error as one affecting "the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993). Accordingly, Gomez has not shown plain error in the district court's administration of his Rule 11 colloquy.

Nor has Gomez presented a reviewable issue with respect to his argument that he received ineffective assistance of counsel in relation to his guilty plea. Generally, ineffective assistance of counsel claims should be pursued in a 28 U.S.C. § 2255 (2000) motion in order to allow for adequate development of the record, *see United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994), and this court will review such claims on direct appeal only if they appear conclusively on the record, *see United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994). We do not find Gomez's ineffective assistance of counsel claim conclusively appears on the face of the appellate record. Accordingly, Gomez should present this claim in a § 2255 motion in the first instance.

Accordingly, we affirm Gomez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*